IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NANCY LEWIS,

      Plaintiff,

v.                                                                 No. CV 09–1065 KBM/DJS

ALTERNATIVE DINING, INC., d/b/a CRESCENT MOON,
GREAT CENTRAL INSURANCE COMPANY,
and THE ARGONAUT GROUP,

      Defendants.

## ORDER DISMISSING COMPLAINT

THIS MATTER comes before the Court on pro se plaintiff Nancy Lewis' Motion to Proceed *in forma pauperis* ("IFP"), filed November 6, 2009, *see* Doc. 2, and on the Court's concomitant obligation "to review the affidavit and screen [her] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005).

Lewis has consented, under 28 U.S.C. 636(c) and FED. R. CIV. P. 73(b), to have me conduct all proceedings in this case. *See* Doc. 4. Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312.

Lewis' financial affidavit shows that she has no dependents and that she has an income of $939/month. *See* Doc. 2 at 2. The Court notes, however, that in her October 13, 2009, response

to an Order to Show Cause in another case regarding her right to proceed IFP in this Court,

Lewis stated that she also has "current monthly figures of $404 for unemployment."  *Lewis v.*

*Center Market*, No. 09cv306, Doc. 9 at 3.  In another sworn declaration filed on November 30,

2009, Lewis states that she currently receives $944 from social security, $404 for

unemployment, $62/month from a $44,000 money judgment, $96 for her medicare premium, and

food stamps, and that she does not expect any major change in her income or expenses in the

next four months.  *See Lewis v. Maestas*, No. 09cv912 GBW/RLP, Doc. 7 at 4, 8.  I conclude

that Lewis's income is much greater than she reveals in her financial affidavit filed in this case,

and her income appears to be over $1400/month plus food stamps and assistance with medicare

premiums.

Besides the money judgment, Lewis has listed two other people who owe her money.  *See*

*id.* at 5 ($453 from Samantha Majeed owed on November 30, 2009);  *Lewis v. Scott*, No. 09cv983

JB/LFG, Doc. 6 at 5 ($325 from Sarah Maestas owed on November 2, 2009).  Lewis owns a car;

and on November 16, 2009, she had $1685 left from a $15,000 social-security back payment she

received in April or May 2009.  *See* Doc. 6 at 1; *Lewis v. Scott*, No. 09cv983 JB/LFG, Doc. 6 at

10.  She had $2385 in savings on November 2, but states that she has been using her savings to

assist her son and two "abused" friends, on "lawsuits which stand to benefit others besides

myself;" and on unprescribed marijuana that she buys on the streets.  *Lewis v. Scott*, No. 09cv983

JB/LFG, Doc. 6 at 4, 10.   Lewis's monthly expense for rent is $305, *see* Doc. 2 at 3; she pays no

utilities except for telephone, *see id.*; *Lewis v. Maestas*, No. 09cv912 GBW/RLP, Doc. 7 at 6;

and she pays $48/month for car insurance and $50/month for medical and dental care co-

payments, *see* Doc. 2 at 3.  I conclude that  Lewis's allegation of poverty is untrue.

Lewis has failed to show that she "cannot because of [her] poverty pay or give security

for the costs . . . and still be able to provide [her]self . . . with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).  I conclude that Lewis has sufficient funds to pay both for the necessities of life and for filing those lawsuits that she deems important.  *See Burns v. United States*, No. 09-5091, 2009 WL 2602318, at *1 (10th Cir. Aug. 25, 2009) (holding that, because the financial affidavit showed that the plaintiff had $3000.00 in his bank account, he had not demonstrated an inability to pay fees); *Brewer v. City of Overland Park Police Dep't*, No. 01-3055, 24 Fed. Appx. 977, 979 (10th Cir. Jan. 4, 2002) (affirming denial of motion to proceed IFP because the plaintiff's "monthly income exceeds his monthly expenses by a few hundred dollars," thereby demonstrating "sufficient income to pay the filing fees").  Lewis's case must be dismissed. *See Trujillo v. Williams*, 465 F.3d 1210, 1217 n.5 (10th Cir. 2006) (noting that dismissals under §§ 1915(e)(2)(A) & (B) are mandatory); *Lemons v. K.C. Mo. Police*, No. 05-1254, 158 Fed. Appx. 159, 160, 2005 WL 3388580, **1 (10th Cir. Dec. 13, 2005) (stating that, if the plaintiff fails to sufficiently demonstrate an inability to pay filing fees, the Court should dismiss the complaint without prejudice, after which the plaintiff "may initiate a new action by 1) refiling his complaint and 2) paying the [] filing fee required under 28 U.S.C. § 1914 . . .").

Lewis's Complaint also could not be entertained in this Court even if she paid the filing fee.  Lewis is suing a restaurant located in Atlanta, Georgia for negligence in allegedly allowing a piece of black plastic to remain in her sandwich in May 2006, which allegedly caused damage to her teeth. *See* Complaint at 1-2.  Great Central Insurance Company provides liability insurance for the restaurant and is apparently part of the Argonaut Group, a larger insurance company that "underwrites" its coverage.  *See id.* at 1, 5.  Lewis claims that Great Central refused to pay for emergency dental treatment to remove the plastic from between her teeth, and

because she could not afford to pay for dental treatment herself, a shard of the plastic remained

wedged between two molars, causing them to break off in the fall of 2006 and spring of 2007.

*See id.* at 2-3.  Lewis complains that Great Central denied her claim to repair the damage in

September 2007.  *See id.*

A district court may consider personal jurisdiction and venue *sua sponte* when screening

a complaint under § 1915(e)(2) "when the defense is obvious from the face of the complaint and

no further factual record is required to be developed." *Trujillo*, 465 F.3d at 1217.  This Court

clearly has no personal jurisdiction over Alternative Dining, Inc., which owns the Atlanta,

Georgia restaurant.  No allegations show that the corporation committed any negligent acts in

New Mexico or any act by which it may be said to have "purposefully avail[ed] [itself] of the

privilege of conducting activities within [New Mexico]," and this Court therefore has no

authority to assert personal jurisdiction over the corporation.  *See Trujillo*,465 F.3d at 1220.

Further, venue would be improper here because Lewis's case is based solely on diversity

jurisdiction, and therefore, her cause of action may

> be brought only in (1) a judicial district where any defendant resides, if all
> defendants reside in the same State, (2) a judicial district in which a substantial
> part of the events or omissions giving rise to the claim occurred, or a substantial
> part of property that is the subject of the action is situated, or (3) a judicial district
> in which any defendant is subject to personal jurisdiction at the time the action is
> commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1331.  Because the Complaint indicates that none of the Defendants reside in New

Mexico and the act of alleged negligence that allegedly caused Lewis's injury occurred in

Georgia, venue is not proper here.

Finally, because the restaurant's liability to Lewis has not been established by a judgment

and Lewis's Complaint points to no rule or statute providing for a direct cause of action against

an insurer that provides liability coverage for negligence, Lewis has no standing to bring a direct action against Great Central or the Argonaut Group, who are the restaurant's insurers.  *See* COUCH ON INSURANCE § 104:2, *Right to Direct Action Absent Statute or Contract Provision, Generally* (2009) ("As a general rule, and in the absence of a contractual provision or a statute or ordinance to the contrary, at common law the absence of privity of contract between the claimant and the insurer bars a direct action by the claimant against the latter under both automobile liability insurance, and under other forms of liability insurance, at least where the direct action is on the basis of the insured's negligence."); *Capitol Indem. Corp. v. Fraley*, 266 Ga. App. 561, 563, 597 S.E.2d 601, 603 (Ga. App. 2004) (" As a general rule, an injured party has no standing to file a direct suit against the insurer of the party alleged to have caused the injury absent an unsatisfied judgment against the insured."); *Roberts v. Sparks*, 99 N.M. 152, 154, 655 P.2d 539, 541 (N.M. Ct. App. 1982) (noting that the law in New Mexico is that, "absent contractual or statutory authority to the contrary, an injured party is precluded from bringing a direct action against defendant's insurer").  Lewis has failed to state a cognizable claim against either the Great Central Insurance Company or the Argonaut Group.

      **IT IS ORDERED** that Lewis's motion to proceed IFP (Doc. 2) is DENIED and the case is DISMISSED without prejudice under § 1915(e)(2)(A).

                             _____
                             UNITED STATES MAGISTRATE JUDGE
                             Presiding by Consent